```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


UNITED STATES OF AMERICA         :   CRIMINAL ACTION
                                 :
            v.                   :   No. 1:12-CR-297-TWT-ECS-1
                                 :
CORA CADIA FORD,                 :
a/k/a Cora Elder,                :
a/k/a Cora Ford Royal            :
```

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

## I.
## Introduction

This matter is presently before the Court on the motion of Defendant, Cora Cadia Ford ("Defendant"), for consolidation of certain counts in the indictment or, in the alternative, for dismissal of the counts as multiplicitous. [Doc. 19]. Defendant argues that Counts One through Ten and Twenty-One through Thirty should be consolidated because they charge the same crime, and, if not consolidated, they should be dismissed. [Id. at 1]. The government filed its response in opposition to the motion. [Doc. 22]. Defendant filed no reply. The motion, therefore, is ready for a report and recommendation to the district judge. For the reasons stated herein, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## II.
## Discussion

### A. The Charges in the Indictment

Counts One through Ten of the indictment charge Defendant with ten separate counts of mail fraud based upon ten alleged mailings of tax refunds in furtherance of a scheme to defraud, all in violation of 18 U.S.C. § 1341. [Doc. 1 at 2-4]. Factually, the indictment in these ten counts alleges that Defendant obtained and used the names and Social Security numbers of certain individuals without their knowledge and consent and filed false claims for tax refunds using the names of these individuals, with false addresses, and obtained the refund checks for her own personal benefit. [Id. at 2-3].

In Counts Twenty-One through Thirty of the indictment, Defendant is charged with knowingly making and presenting to the United States Treasury ten separate false and materially fraudulent federal income tax returns seeking fraudulently claimed refunds, in violation of 18 U.S.C. § 287. [Id. at 6-7].

### B. Multiplicity

"An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Woods, 684 F.3d 1045, 1060 (11th Cir. 2012) (per curiam) (quoting United States v. Jones, 601 F.3d 1247, 1258 (11th Cir. 2010)). "When the government charges a defendant in multiplicitous counts, two vices may arise. First, the

2

defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one." United States v. Smith, 231 F.3d 800, 815 (11th Cir. 2000) (quoting United States v. Langford, 946 F.2d 798, 802 (11th Cir. 1991)).

The Blockburger test is used to determine whether two counts are multiplicitous. Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180 (1932). Under Blockburger, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304, 52 S. Ct. at 182; see also Baker v. Gearinger, 293 F.3d 1353, 1354 (11th Cir. 2002) (per curiam); United States v. Howard, 918 F.2d 1529, 1532-33 (11th Cir. 1990). "Accordingly, charges in an indictment are not multiplicitous if the charges differ by even a single element or alleged fact." Woods, 684 F.3d at 1060.

C. Comparison of Mail Fraud and False Claims Charges

Under 18 U.S.C. § 1341, mail fraud requires proof that (1) Defendant participated in a scheme to defraud by means of false or fraudulent pretenses of a material fact; (2) with the intent to

3

defraud; and (3) for purposes of executing such scheme used the United States Postal Service by mailing or causing to be mailed "any matter or thing whatever."[1] 18 U.S.C. § 1341; see also Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction No. 50.1 (West 2010). Under 18 U.S.C. § 287, a claim of false, fictitious, or fraudulent claims requires proof beyond a reasonable doubt that (1) Defendant knowingly and intentionally presented a false, fictitious, or fraudulent claim against the United States to any department or agency thereof; (2) based on a false or fraudulent material fact; (3) knowing such claim to be

---

[1] Section 1341 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

AO 72A
(Rev.8/82)

false, fictitious, or fraudulent.[2] 18 U.S.C. § 287; <u>see</u> <u>also</u> Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction No. 11.2 (West 2010).

A comparison and analysis of the elements of mail fraud under § 1341 and false, fictitious, and fraudulent claims under § 287 shows that the charges in this case are not multiplicitious. Mail fraud under § 1341 requires proof of the use of the mails or other interstate carrier as outlined above. A charge of making a false claim under § 287 does not. Mail fraud also requires a showing of a scheme to defraud, which a false claims charge does not. Likewise, a false claims charge requires proof that a false, fictitious or fraudulent claim was made or presented to a department or agency of the government; mail fraud requires no such proof. Thus, because §§ 1341 and 287 each require proof of an element not required by the other, the charges of mail fraud in Count One through Ten, when compared with the false claims charges in Counts

---

[2] Section 287 provides:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

5

Twenty-One through Thirty, satisfy the <u>Blockburger</u> test set forth above and are not multiplicitous.

## IV.
## Conclusion

Although there is factual overlap, the mail fraud charges in Counts One through Ten and the false claims charges in Counts Twenty-One through Thirty will each require proof of facts not required to prove its co-relational counterpart. Counts One through Ten and Counts Twenty-One through Thirty do not charge the same offenses in separate counts and are not, therefore, multiplicitous.[3] The motion to consolidate or to dismiss as multiplicitous should therefore be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 5th day of March, 2013.

/S/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

---

[3] In any event, should the evidence at trial demonstrate that the charges were improperly multiplied, the trial court can still remedy any violation by consolidating the counts or requiring dismissal. <u>See</u> <u>United States v. Molinares</u>, 700 F.2d 647, 653 n.11 (11th Cir. 1983). And, even after a verdict, any error may be remedied by vacating multiplicitous convictions and any concurrent convictions based upon those convictions. <u>See</u> <u>United States v. Bonilla</u>, 579 F.3d 1233, 1243-44, 1246 (11th Cir. 2009).

AO 72A
(Rev.8/82)